UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10308-SVW-KS | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Jose Velez v. Catalina Hotel Ops, Inc. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [9] [12]

## I.  Background

Plaintiff Jose Velez filed this action on December 12, 2018, seeking injunctive relief and damages from Defendants Catalina Hotel Ops, Inc., Original Jacks Restaurant and Bakery, Inc., and Original Antonio's Pizzeria, Inc. for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*. Dkt. 1. On January 7, 2019, Defendant Catalina Hotel Ops, Inc. filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Dkt. 9. On January 8, 2019, Defendants Original Antonio's Pizzeria, Inc. and Original Jacks Restaurant and Bakery, Inc. filed a notice of joinder in Defendant Catalina Hotel Ops, Inc.'s motion. Dkt. 12.

## II.  Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10308-SVW-KS | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Jose Velez v. Catalina Hotel Ops, Inc. et al.* | | |

cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007).

A motion to dismiss under Federal Rule of Procedure 12(b)(1) challenges a court's jurisdiction to hear a case's subject matter. Fed. R. Civ. P. 12(b)(1). United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The plaintiff always bears the burden of establishing that federal jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd* 56 F.3d 1177, 1179 (9th Cir. 1995). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The proponent of subject-matter jurisdiction must establish its existence by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### III. Analysis

Defendants make two primary arguments as to why Plaintiff's Complaint should be dismissed: first, obesity is not a qualifying "disability" under the ADA; and second, Plaintiff lacks standing because he has not related the alleged barriers to his disability.

#### A. Qualifying Disability

The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(A)-(C). Controlling ADA regulations provide that a "[p]hysical or mental impairment" is "[a]ny physiological disorder or condition . . . affecting one or more body systems," such as the neurological, musculoskeletal, respiratory, digestive, immune, or circulatory systems, or "[a]ny mental or psychological disorder, such as an . . . organic brain syndrome [or] emotional or mental illness." 29 C.F.R. § 1630.2(h)(1)-(2).

As Defendants acknowledge, courts have generally agreed that obesity is a qualifying impairment, and thus a disability under the ADA, only when it results from an underlying physiological

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10308-SVW-KS | Date | January 30, 2019 |
|---|---|---|---|

| Title | *Jose Velez v. Catalina Hotel Ops, Inc. et al.* |
|---|---|

disorder. *See, e.g.*, *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1109 (8th Cir. 2016) ("Taken as a whole, the relevant statutory and regulatory language makes it clear that for obesity to qualify as a physical impairment—and thus a disability—under the ADA, it must result from an underlying physiological disorder or condition."); *Francis v. City of Meriden*, 129 F.3d 281, 285-86 (2d Cir. 1997); *Valtierra v. Medtronic Inc.*, 232 F. Supp. 3d 1117, 1124-25 (D. Ariz. 2017).

Defendants argue that Plaintiff has failed to state a claim for a violation of the ADA because obesity is generally not a qualifying "disability" under the ADA and because Plaintiff has not alleged in his Complaint that his obesity results from an underlying physiological disorder. However, Plaintiff does allege that "the underlying cause of [his] morbid obesity is a mental disorder known as Binge Eating Disorder, a disorder recognized in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5)." Dkt. 1 ¶ 38. Plaintiff discusses how the disorder leads him to experience a sense of lack of control, which in turn leads to recurrent episodes of binge-eating—even when he does not feel hungry, and to the point that he has difficulty breathing. *Id.* Plaintiff also alleges that Binge Eating Disorder is associated with lowered mu-opiod receptor availability in the brain. *Id.*

At this early stage, the Court accepts Plaintiff's allegations as true and assesses whether they plausibly state a claim for relief. Here, accepting Plaintiff's allegations as true, the Court concludes that Plaintiff plausibly alleges that he has a qualifying disability under the ADA because his obesity is associated with an underlying physiological disorder or condition.

B.   **Standing**

In order for a plaintiff to establish standing in the context of an ADA claim, he must allege that he "personally suffered discrimination as defined by the ADA as to encountered barriers on account of his disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). In other words, Plaintiff must allege that he personally "encounter[ed] a barrier that deprive[d] him of full and equal enjoyment of the facility due to his particular disability." *Id.*

In *Chapman*, the complaint:

> fail[ed] to sufficiently allege the essential elements of Article III standing.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10308-SVW-KS | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Jose Velez v. Catalina Hotel Ops, Inc. et al.* | | |

> Although [the plaintiff] allege[d] that he [was] "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," he never allege[d] what those barriers were and how his disability was affected by them so as to deny him the "full and equal" access that would satisfy the injury-in-fact [standing] requirement (*i.e.*, that he personally suffered discrimination under the ADA on account of his disability). Instead, [the plaintiff] attached to his complaint an "Accessibility Survey," which listed barriers known to him that he claim[ed] "denied him access to the Store" . . . . The Accessibility Survey simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [the plaintiff's] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store.

Here, the allegations in Plaintiff's Complaint are similar to those in *Chapman*. First, Plaintiff alleges that he "personally encountered the barriers," that he "took photos of the barriers with his iPhone," and that the "metadata of the digital images confirm the geolocation of the images . . . and will confirm the date of Plaintiff's physical presence at the facility." Dkt. 1 ¶ 3. Plaintiff relatedly alleges that his physical presence at the facility "is also corroborated because Plaintiff personally paid with his credit card at the defendants' facility and his credit card statement . . . will confirm this information." *Id.* Plaintiff also later restates his allegation that he "personally encountered architectural barriers that constitute ADA violations at the Subject Property and was denied full and equal access because of the violations." *Id.* ¶ 24.

Second, Plaintiff provides a list of alleged barriers—similar to the Accessibility Survey in *Chapman*. *Id.* at ¶¶ 20-22. However, Plaintiff does not connect the alleged barriers to his disability or even allege whether he encountered any or all of them in such a way as to impair his full and equal enjoyment of the relevant property. For example, Plaintiff alleges that all portions of the counter located at 111 Crescent Avenue in Avalon, California "are higher than 36 inches above the floor," but Plaintiff does not connect this alleged barrier to his alleged disability of obesity. *Id.* ¶ 20(i). The closest that Plaintiff comes to satisfying the standing requirement is by alleging that there are "no grab bars" at the 111 Crescent property, "making it more difficult for the Plaintiff to transfer to/from the toilet." *Id.* ¶

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10308-SVW-KS | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Jose Velez v. Catalina Hotel Ops, Inc. et al.* | | |

20(v). However, this allegation relates only to one alleged barrier at one of three addresses at issue, and the allegation is itself deficient because it does not relate the barrier to Plaintiff's alleged disability of obesity.

Under the Ninth Circuit's standard set forth in *Chapman*, the allegations in Plaintiff's Complaint are insufficient to satisfy his burden to establish standing. Thus, the Court GRANTS Defendants' motions to dismiss the Complaint.

However, Plaintiff may be able to overcome the identified standing defects by amending his complaint. Because Plaintiff is a pro se litigant, he is subject to a relaxed pleading standard and is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is directed to add more specific allegations that explain when and how Plaintiff personally encountered the alleged barriers, and how he was affected by them on account of his specific disability. As an example, Plaintiff might explain how a counter that is too high given the ADA's height restrictions poses a barrier to Plaintiff given his obesity.[1]

### IV.    Conclusion

For the above reasons, the Court GRANTS Defendants' motions to dismiss the Complaint with leave to amend. The Court ORDERS Plaintiff to file an amended complaint by February 27, 2019; otherwise, the Court will dismiss the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

---

[1] This is only an example; Plaintiff must describe how his disability was affected by each alleged barrier and the Court "need not provide a paragraph-by-paragraph analysis." *Merritt v. Countrywide Fin. Corp.*, 583 Fed. Appx. 662, 665 (9th Cir. 2014).

|  | : |
|---|---|
| Initials of Preparer | PMC |